**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
NOBLE TARIQ EL-BEY, et al.          :
                                    :
                                    :
                                    :
                 Plaintiffs,        :      Civil No. 05-3765 (SRC)
                                    :
         v.                         :
                                    :
NORMAN J. PEER, et al.              :      **OPINION**
                                    :
                 Defendants.        :
_____ :

**APPEARANCES**:

    NOBLE TARIQ EL-BEY, A/K/A TERRANCE GAMBLE
    Plaintiff Pro Se
    C-Pod
    Monmouth County Correctional Institution
    One Water Works Road
    Freehold, New Jersey 07728

**CHESLER, DISTRICT JUDGE**

    Plaintiff Noble Tariq El-Bey ("El-Bey"), currently confined at the Monmouth County Correctional Institution in Freehold, New Jersey ("MCCI") seeks to bring this action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee in this matter. By prior Order of this Court, No. 05-3766 (SRC) was consolidated with this matter.

Pursuant to 28 U.S.C. §§ 1915 (e) (2) and 1915A, the Court has reviewed the Complaint to identify cognizable claims.  The Court will permit Plaintiff's arrest without probable cause and false imprisonment claims to proceed at this time as against Defendants Sammis, Barnes, Thompson, Washington, Sosidian, Pettway, German, Love, Blake, Alexandra, Desane, and Oregon only, and will dismiss without prejudice all other claims against these Defendants.  The Court also will dismiss the Complaint in its entirety against the other Defendants in this matter.

### I. BACKGROUND

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 seeking damages for alleged violations of El-Bey's rights secured by the Constitution and laws of the United States.[1] Defendants are Norman J. Peer, a New Jersey state court judge; the Monmouth County Division of Social Services; the Monmouth Probation Child Support Enforcement Unit; Chamika Stafford; the Asbury Park Police Department; John P. Sosdian III, Keith German, Johnnie Washington, Stephen L. Love, Michael Barnes, Guy Thompson, Alix Alexandria, David Desane, Denise Blake, and Lorenzo M. Pettway, Asbury Park police officers; the Asbury Park Municipal Court ("APMC"); Patricia Green, court administrator for the APMC; D. Harvey, court clerk for the APMC; James N. Butler, Prosecutor for the APMC; Mark T. Apostolou, the APMC judge;

---

[1]   42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute,  ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

the Monmouth County Sheriff's Office; Joseph W. Oxley, Monmouth County Sheriff; Derrick Oregon, Monmouth County Deputy Sheriff; the Monmouth County Superior Court; Patricia Del Bueno Cleary, a New Jersey Superior Court Judge; the Monmouth County Prosecutor's Office; D.T. Sammis, an employee of the Monmouth County Prosecutor's Office; John Kaye and Michael McConnell, county prosecutors; and the Monmouth County Correctional Institution. (Compl. Caption and Parties.)

Plaintiff' appears to assert the following facts: On or about June 22, 2005, he was illegally ordered by Defendant Peer to be arrested and incarcerated, apparently because he owed $2,000.00 in child support. Plaintiff El-Bey asserts that Defendants Peer, the Monmouth County Division of Social Services; the Monmouth Probation Child Support Enforcement Unit; and Chamika Stafford conspired to imprison him and to enforce slavery in violation of the Thirteenth Amendment to the United States Constitution.

Plaintiff also asserts that on December 2, 2003, he was arrested and transported to MCCI by Defendants Sammis, Barnes, and Thompson "enforcing a warrant not backed by the 4th Amendment." (Amended Complaint, Statement of Claims, para.27.) Similar seizures involving Defendants Washington and Sosidian allegedly took place on December 26, 2003 and March 8, 2004 respectively. (Id., para. 29-30.)

Plaintiff further alleges that Defendants Pettway, German, Thompson and Love, acting upon a similarly defective warrant issued by Defendant Apostolou, again arrested him on July 13, 2004. (Id., para. 31.) He also alleges that Defendants German and Blake, acting upon a similarly defective warrant, again arrested him on October 11, 2004. (Id., para. 32.) Plaintiff adds that he was similarly arrested on September 4, 2004, by Defendants Alexandria and Desane,

and that Defendant Oregon and others, acting under the authority of Defendants Oxley and Cleary, enforced an invalid warrant against him on February 25, 2005. (Id., para. 34-35.)

Plaintiff continues, asserting that Defendants Apostolu and Butler denied him the right to a jury trial on March 1, 2005 in municipal court. (Id., para. 36.) Plaintiff alleges that he protested in writing to Defendants Cleary and Kaye, but received no response, (Id., para. 37-38.)

Plaintiff again asserts that Defendant Sosdian and others, acting upon a similarly defective warrant issued by Defendant Cleary, again arrested him on June 11, 2005. (Id., para. 39-40.) Plaintiff adds that he continues to be incarcerated. (Id., para. 41.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66, 1321-77 (1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a government employee, 28 U.S.C. §§ 1915 (e) (2); 1915A. The Act requires the Court to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. Id.

A. Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a) (2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Plaintiff is "required to 'set forth sufficient information to outline the elements of his claim or to

permit inferences to be drawn that these elements exist.'" Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2d ed. 1990)).  The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000).  "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint."  Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).  But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").  "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper."

Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Section 1983 of Title 42 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998). To establish a violation of 42 U.S.C. § 1983, the Plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48-49 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3).

The Court will liberally construe the Complaint as raising claims under 42 U.S.C. § 1983 for (1) arrest and imprisonment without probable cause in violation of the Fourth and Fourteenth Amendments; (2) conspiracy; (3) imposition of slavery; and (4) denial of access to courts. The

Court will now analyze Plaintiff's claims to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

B.  Arrest Without Probable Cause and Imprisonment

Construed liberally, the Complaint alleges claims of arrest without probable cause and false imprisonment against Defendants.  The Fourth Amendment prohibits a police officer from seizing a citizen except upon probable cause.  Albright v. Oliver, 510 U.S. 266, 274-75 (1994); Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995).  "To find that there was an unlawful arrest in violation of the Fourth Amendment, the jury need only have found that under the facts and circumstances within [the officer's] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by the person to be arrested."  Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996); Orsatti, 71 F.3d at 483.  "The proper inquiry in a section 1983 claim based on false arrest ... is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense."  Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995) (citation omitted).  See also Palma v. Atlantic Cty., 53 F. Supp.2d 743, 755 (D.N.J. 1999) (citing Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997)).  "Probable cause is defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense."  Sharrar, 128 F.3d at 817-18 (citing Gerstein v. Pugh, 420 U.S. 103, 111 (1975)).  Where probable cause to make an arrest does not exist, the Plaintiff also has a § 1983 claim "for false imprisonment based on a detention pursuant to the arrest."  Id. (quoting Groman, 47 F.3d at 636).  Where probable cause to make an arrest does

7

exist, Plaintiff may not recover under 42 U.S.C. § 1983.  See, e.g. McDermott v. City of New York, 2002 WL 265127, *7 (S.D.N.Y.) (because probable cause to arrest existed, Plaintiff's false arrest and invasion of privacy claims were dismissed).  As these claims are likely to turn upon the particular facts in this case, the Court will permit these claims to proceed as against Defendants Sammis, Barnes, Thompson, Washington, Sosidian, Pettway, German, Love, Blake, Alexandra, Desane, and Oregon.

C. Other Claims

In addition to the claims asserted in section B., above, the Complaint also states that various Defendants (2) conspired to deny Plaintiff his constitutional rights; (3) imposed slavery on him in violation of the Thirteenth Amendment; and (4) denied him access to courts.  With respect to the conspiracy claim, to proceed on a conspiracy cause of action under § 1983, the Plaintiff must first allege, with sufficient particularity, the existence of a conspiracy.  Plaintiff must set forth facts sufficient to permit the inference of a combination, agreement or understanding among all or between any of the Defendants.  Safeguard Mut. Ins. Co. v. Miller, 477 F.Supp. 299, 303-304 (E.D. Pa. 1979) (citing Ammlung v. City of Chester, 494 F.2d 811, 814 (3d Cir. 1974)).  Moreover there must be allegations of fact supporting an inference that the Defendants plotted, planned, or conspired together to carry out the object of the conspiracy.  Id.

In the conspiracy context, the requirement of personal participation in the alleged wrongdoing means that there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right.  Williams v. Fedor, 69 F.Supp.2d 649, *664-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3rd Cir.

8

2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir.1999)). See also Kelley v. Myler, 149 F.3d 641, 648-49 (7th Cir.1998); (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist); Strength v. Hubert, 854 F.2d 421, 425 (11th Cir.1988) (plaintiff must show that the defendants " 'reached an understanding to violate [his] rights' "); Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir.1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law'). Plaintiff simply has failed to assert with sufficient particularity the existence of a conspiracy against him by any group of Defendants actionable under 42 U.S.C. § 1983. The Court will dismiss this claim, consistent with the discussion above, without prejudice to Plaintiff's reassertion of a proper conspiracy claim in an Amended Complaint, if he can do so.

Plaintiff also appears to accuse some of the Defendants of imposing slavery upon him in violation of the Thirteenth Amendment, because of his imprisonment for failure to pay a debt. Plaintiff has furnished no citations in support of his claim, and it appears that his incarceration in the context of child support does not violate the Thirteenth Amendment. See, e.g. United States v. Balleck, 170 F.3d 871, 874 (9th Cir.), cert.denied, 528 U.S. 853 (1999)[2] The Court will dismiss this claim. [3]

---

[2] "Imprisoning someone for failure to pay a debt can run afoul of the Thirteenth Amendment. See, e.g., Pollock v. Williams, 322 U.S. 4, (1944). However, not all forced employment is constitutionally prohibited. Where the obligation is one that has traditionally been enforced by means of imprisonment, the constitutional prohibition does not apply." (citations omitted.)

[3] In addition to his conspiracy and slavery claims against Defendant Stafford, Plaintiff asserts that she deprived him "of a nationality." (Original Compl., Statement of Claims.) As this assertion does not appear to state a federal claim, the Court will dismiss it without prejudice to its reassertion in a second Amended Complaint submitted pursuant to F.R.C.P. 15 and Local R. 7.1(f), if Plaintiff wishes to attempt to amend pursuant to those Rules.

With respect to Plaintiff's assertion that he was denied access to courts, he lacks standing to pursue an access to courts claim unless he shows that the alleged interference "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 352 (1996). In other words, Plaintiff must show that he was prejudiced or harmed in some way by the alleged interference or shortcomings. Oliver v. Fauver, 118 F.3d 175, 178 (3d Cir. 1997). In Lewis, 518 U.S. at 351, the Supreme Court described potential actual injuries:

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

In the case at bar, nothing asserted in the Complaint (beyond a bare statement of denial of access) indicates that Defendants caused actual injury to Plaintiff by interfering with his access to courts. Therefore, this claim will be dismissed consistent with the discussion above, without prejudice to Plaintiff's reassertion of a proper access to courts claim in an Amended Complaint, if he can do so.

D.  Other Defendants

Finally, Plaintiff has failed to assert cognizable claims under §1983 as against the remaining Defendants. In addition to MCCI, the Monmouth County Division of Social Services, Monmouth Probation Child Support Unit, Asbury Park Police Department, Asbury Park Municipal Court, Monmouth County Sheriff's Office, and Monmouth County Superior Court are not "persons" suable under 42 U.S.C. §1983, and therefore, not proper Defendants. See Will

v. Michigan Dep't of State Police, 491 U.S. 58, 71, (1989); see also Powell v. Ridge, 189 F.3d 387 (3d Cir.), cert. denied, 528 U.S. 1046 (1999); Revene v. Charles County Comm'rs, 882 F.2d 870, 874 (4th Cir. 1989) (Office of Sheriff is not a legal entity separate from the sheriff and the county government); PBA Local No. 38．v. WoodbridgeD Police Dept., 832 F.Supp. 808, 825-26 (D.N.J. 1993) (police department not a "person" under § 1983; citing cases); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D.Ill. 1993) (Cook County Jail not a "person" under §1983). Moreover, the Complaint asserts no more than claims of respondeat superior liability against Defendant Oxley; such a claim is not actionable under 42 U.S.C. §1983. See Rode, supra. The Court also will dismiss all claims against these Defendants.

Moreover, construing Plaintiff's claims as against Monmouth County and Asbury Park, even a liberal construction of the Complaint fails to show the existence of policies or practices on the part of either governmental entity to ignore, tolerate, or acquiesce in any allegedly unconstitutional activities of its employees. Under 42 U.S.C. § 1983, municipal liability only arises when a constitutional deprivation results from an official custom or policy. Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998) (citing Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691-94 (1978)). The municipality may also be liable under § 1983 for a failure to train its employees where such failure "amounts to deliberate indifference to the rights of persons with whom the [employees] come in contact." Reitz v. County of Bucks, 125 F.3d 139, 144 (3d Cir. 1997) (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). Plaintiff simply has failed to set forth any facts supporting the existence of any custom or policy of deliberate ignorance, toleration, acquiescence or deliberate indifference on the part of the municipality or county with respect to any of Plaintiff's claims.

In addition, the Monmouth County Prosecutor's Office is not a government entity which can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental entity that the county prosecutor serves. See, e.g., N.J. Const., art. VII, § 2, ¶ 1 (establishing county prosecutor); N.J.S.A. 2A:158-1 et seq. (setting forth appointment process, term, powers and duties of the county prosecutor); Buchanan v. City of Kenosha, 57 F. Supp. 2d 675, 678 (E.D. Wis. 1999) (district attorney's office cannot be sued as an entity separate from the individual holding the office or the governmental unit on whose behalf the district attorney acts); Hancock v. Washtenaw County Prosecutor's Office, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (county prosecutor's office is not an entity subject to suit under § 1983). For this reason, any claims attempted to be asserted against the Prosecutor's Office also fail.

Respecting Defendants Kaye, McConnell, and Butler, claims against these individual prosecutors also fail because a prosecutor is absolutely immune from a damage action under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 410 (1976)).

As to Defendants Peer, Apostolou and Cleary, and court employees Green and Harvey, the United States Supreme Court has recognized that a judge acting in his judicial capacity is absolutely immune from suits, unless he acts without any colorable claim of jurisdiction. See Zapach v. Dismuke, 134 F. Supp.2d 682, 696 (E.D.Pa. 2001). "It is well-settled that a judge is entitled to absolute immunity for all acts committed within his judicial jurisdiction, including grave procedural errors." Zapach v. Dismuke, 134 F. Supp.2d 682, 696(E.D.Pa. 2001) (citing Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Such immunity cannot be overcome by allegations of bad faith or malice. See Mireles v. Waco, 502U.S. 9, 11 (1991); Stump v.

Sparkman, supra; Pierson v. Ray, 386U.S. 547, 553-55 (1967); Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760,768 (3d Cir.2000).  Court personnel are also shielded by absolute immunity from liability.  See Pierson v. Ray, supra; Waits v. McGowan, 516 F.2d 203, 205 (3d Cir. 1975) (citing Pierson).  Judicial or quasi-judicial immunity also applies to court staff who are acting in their official capacities.  See Marcedes v. Barrett, 453 F.2d 391, 391 (3d Cir.1971) (holding that judicial or quasi-judicial immunity applied to clerk of courts, a supervisor on the staff of the clerk of courts, an administrative assistant to the presiding judge, and a court reporter); see also Davis v. Philadelphia County, 195 F. Supp.2d 686, 688 (E.D.Pa. 2002)(citing Marcedes).  In light of these cases, the Court will dismiss all claims as against Defendants Peer, Apostolou, Cleary, Green and Harvey.

### III. CONCLUSION

Based upon the above discussion, the Court will permit the arrest without probable cause and false imprisonment claims to proceed at this time as against Defendants Sammis, Barnes, Thompson, Washington, Sosidian, Pettway, German, Love, Blake, Alexandra, Desane, and Oregon only, and will dismiss without prejudice all other claims against these Defendants.  The Court also will dismiss the Complaint in its entirety against the other Defendants.

An appropriate Order accompanies this Opinion.

s/
**STANLEY R. CHESLER**
**UNITED STATES DISTRICT JUDGED**

**DATED:**   **January, 27th, 2006**

_____