**NOT FOR PUBLICATION**                                                    **[43]**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                                  :
NOBLE TARIQ EL-BEY, et al.                        :
                                                  :
              Plaintiffs,                         :
                                                  :        Civil No. 05-3765 (FLW)
         v.                                       :        **OPINION**
                                                  :
NORMAN J. PEER, et al.                            :
                                                  :
              Defendants.                         :
                                                  :
_____

WOLFSON, District Judge

      Presently before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) by Defendant, Derek Orgen ("Orgen").[1]  Specifically, Defendant Orgen contends that in light of the January 30, 2006 Opinion by the Honorable Stanley R. Chesler and the remaining allegations in Plaintiff's Complaint, Plaintiff fails to state a claim against him.  The Court has considered the moving papers, there being no opposition thereto, and for the reasons set forth below, Defendant's Motion for Summary Judgment will be granted.

---

    [1]The Court notes that although Defendant does not identify which prong of Fed. R. Civ. P. 12(b) he is moving under, the Court understands Defendant to be moving pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  However, as discussed in detail below, because Defendant's motion is dependent on the Certification of Captain John Cerrato, this Motion shall be treated as one for summary judgment.  See infra section II.

**I. Background**

In July 2005, Plaintiff, Noble Tariq El-Bey ("El-Bey") brought suit pursuant to 42 U.S.C. § 1983 alleging violations of his Constitutional Rights[2].  Generally, Plaintiff's Complaint sets forth the following facts: on or about June 22, 2005, Plaintiff was illegally ordered by Defendant Peer to be arrested and incarcerated, apparently because he owed $2,000.00 in child support. Plaintiff contends that on December 2, 2003, he was arrested and transported to Monmouth County Correctional Institution ("MCCI") by various Defendants who were "enforcing a warrant not backed by the 4 Amendment." Plaintiff alleges that similar seizures occurred on July 13, October 11, 2004 and September 4, 2004.  Finally, Plaintiff contends that on February 25, 2005 Defendant Orgen and others enforced an invalid warrant against him.

In a 2006 Opinion, Judge Chesler dismissed many of Plaintiff's claims as well as many of the Defendants; however, the Court allowed Plaintiff's claim for arrest without probable cause and false imprisonment to proceed against various Defendants including Derek Orgen, ("Orgen").  On August 1, 2006, Defendant Orgen filed the instant Motion to Dismiss. Specifically, Orgen contends that according to Judge Chesler's opinion, the proper inquiry in this matter is whether the arresting officer had probable cause to believe that the person arrested had committed the offense.  El-Bey v. Peer, 2006 WL 231627 at *3; see also Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir.1995); Palma v. Atlantic Cty., 53 F.Supp.2d 743, 755 (D.N.J.1999).  Based on the nature of his employment, and particularly because he was not involved in the determination of probable cause, Orgen contends that this inquiry cannot apply to

---

[2]Because the facts were set forth at length in Judge Chesler's January 30, 2006 Opinion, the Court assumes the parties' familiarity with the facts and will not discuss them at this juncture. Instead, this Court will focus on the facts that are relevant to the instant motion.

him, and therefore, he should be dismissed from the case.

## II.  Legal Standard

The Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir.2003) (citations omitted). The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). The focus of the Court's Rule 12(b)(6) analysis "is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Oatway, 325 F.3d at 187.

When a party styles its motion as a motion to dismiss under Rule 12(b)(6), or in the alternative, for summary judgment under Rule 56, and attaches material outside the pleadings to its motion papers, a court "has the discretion to accept the extraneous material and convert the motion into one for summary judgment." Gunson v. James, 364 F.Supp.2d 455, 460-61 (D.N.J.2005); see also Fed.R.Civ.P. 12(b). However, a court may consider documents that are "integral to or explicitly relied upon in the complaint" without converting a motion to dismiss into a motion for summary judgment. In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir.1999) (emphasis omitted).  Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment. Fed. R. Civ. P. 12(b). "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise, a

3

plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993). Consideration of these referenced documents will not require the conversion of a motion to dismiss to one for summary judgment under Fed. R. Civ. P. 12(b)(6). "The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond. When a complaint relies on a document, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished." Id. at 1196-97.  Even if a "[c]omplaint does not explicitly refer to or cite [a document] ... the critical [issue] is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." Burlington Coat, 114 F.3d at 1426 (emphasis in original) (citation omitted).

        A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir.2000). In deciding whether summary judgment should be granted, the Court considers "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," Fed.R.Civ.P. 56(c), and construes all facts and inferences in the light most favorable to the nonmoving party. Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir.2002). The Court's function "at the summary judgment stage ... is not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  To successfully defend

against a motion for summary judgment, a plaintiff cannot merely rely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. <u>Anderson</u>, 477 U.S. at 252.

In the instant matter, Defendant attaches the Certification of Captain John Cerrato to his Motion to Dismiss.  Indeed, the Court notes that Defendant's motion is dependent on the Cerrato Certification and that this Court could not decide the Motion without the Certification. Moreover, because Defendant's brief was filed for dismissal or in the alternative for Summary Judgment, Def. Br. at 1, Plaintiff was put on notice that this Court could convert the instant Motion to Dismiss into a Motion for Summary Judgment.  See <u>Koger v. Kaplan, Inc.</u>, 169 Fed.Appx. 682, 685 (3d Cir. 2006)(holding that "the District Court committed no reversible error in considering evidence outside of the pleadings as the District Court only did so in the context of consideration of a motion for summary judgment and only after the parties had been notified of the conversion-a clearly permissible course of action."). For these reasons,  the Court will consider Defendant's Motion to Dismiss as a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

**III. Discussion**

Defendant Orgen sets forth the following facts which are unopposed by the Plaintiff. Orgen was employed by the Special Investigations Unit ("SIU") of the Monmouth County Sheriff's Office between 1992 and 1996 and again from 1997 through 2005.   SIU is a specialized unit whose members serve bench warrants issued by courts as well as restraining orders and various other court orders. Cert. Of Captain John Cerrato ("Cerrato Cert.") at ¶2.

Because of the nature of their jobs, SIU officers do not make any decisions as to whether a particular warrant was supported by probable cause; indeed, the officers are only responsible for effectuating service upon the individual named in the warrant.

In the instant matter, the only inquiry applicable to Orgen is whether the warrant served on the Plaintiff was supported by probable cause. The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation. . . " U.S. Const., Amend. IV. This requirement applies equally to arrest warrants as well as search warrants. Giordenello v. United States, 357 U.S. 480, 485-486 (1958). Probable cause exists where the "facts and circumstances [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir.1997). Here, there is no suggestion that Defendant Orgen had any reason to believe that the warrant he served was not based on probable cause. As noted above, Orgen's job did not enable him to determine whether probable cause supported a warrant, therefore, Orgen could not have made this determination for any warrant issued for the Plaintiff.

Moreover, "[a] search based upon a warrant is presumed to be valid once the State establishes that the search warrant was issued in accordance with the procedures prescribed by the rules governing search warrants." State of New Jersey v. Valencia, 93 N.J. 126, 133 (1983). However, when a warrant does not comply with the requisite procedures such as where a warrant makes no reference to a judicial officer or lacks any indication on its face that the warrant was authorized telephonically, a court will find that a warrant was invalid. See Capodici v. City of Jersey City, Slip Copy, 2005 WL 2452698 at *7 (D.N.J. 2005). In the instant matter, there is no indication that the warrant that was served by Defendant Orgen was facially inadequate or that

6

Orgen had any reason to think that the warrant was inadequate or not supported by probable cause, and, therefore, unlawful.  See Capodici, 2005 WL 22452698 at *7-8.

Based on the facts as set forth in Defendant Orgen's papers that are unopposed by the Plaintiff, the Court finds that this dispute presents no issue of material fact.  Specifically, because Orgen had no say in determining probable cause for the arrest warrant, and indeed, because Orgen was only responsible for serving the warrant on the Plaintiff,  Orgen could not have violated any of Plaintiff's constitutional rights.  For these reasons, the Court finds that Summary Judgment is appropriate and I will grant Defendant's Motion.


**IV. Conclusion**

For the reasons set forth above, the Court grants Defendant Orgen's Motion for Summary Judgment. An appropriate Order will follow.


Dated: September 28, 2006                        /s/ Freda L. Wolfson_____
                                                 Honorable Freda L. Wolfson
                                                 United States District Judge

7